FILED

2013 JAN 29 PM 3: 51

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

Paul R. Kiesel (SBN 119854)
kiesel@kbla.com
**KIESEL + LARSON LLP**
8648 Wilshire Boulevard
Beverly Hills, CA 90211
Telephone: (310) 854-4444
Facsimile: (310) 854-0812
**(Additional counsel listed on signature page)**

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| **LAURA HANSEN, individually and on behalf of all others similarly situated,** <br><br> **Plaintiff,** <br> v. <br><br> **DOLE FRESH VEGETABLES, INC.,** <br><br> **Defendant.** | **CLASS ACTION COMPLAINT FOR:** CV13-00638-ODW (VBKx) <br><br> (1) VIOLATION OF CALIFORNIA CIV. CODE §§ 1750 ET SEQ.; <br><br> (2) VIOLATION OF CALIFORNIA BUS. & PROF. CODE §§ 17200 ET SEQ.; <br><br> (3) VIOLATION OF CALIFORNIA BUS. & PROF. CODE § 17500; <br><br> (4) UNJUST ENRICHMENT/ QUASI-CONTRACT; <br><br> (5) BREACH OF IMPLIED-IN-LAW CONTRACT. <br><br> **JURY TRIAL DEMANDED** |

1

**CLASS ACTION COMPLAINT**

Plaintiff Laura Hansen ("Plaintiff"), by her undersigned counsel, alleges the following upon personal knowledge as to her own acts, and upon information and belief as to all other matters. Plaintiff's information and belief are based upon the investigation conducted by counsel.

## NATURE OF THE ACTION

1. Plaintiff brings this action both individually and as a nationwide class action against Dole Fresh Vegetables, Inc. ("Dole" or "Defendant") on behalf of herself and all those who purchased an All Natural Dole Salad Kit (the "Salad Kits") at any time from January 1, 2009 through the present (the "Class" and "Class Period," respectively).

2. At all times relevant hereto, Dole manufactured, advertised, distributed and sold the Salad Kits throughout California with the words "All Natural" prominently displayed on the front of the Salad Kits' packaging.

3. As explained herein, Dole's representation that the Salad Kits are "All Natural" is false, deceptive, misleading, and unfair to consumers because the Salad Kits contain synthetic (man made) ingredients. Dole's representation that the Salad Kits are "All Natural" is material and central to the marketing of the Salad Kits. The "All Natural" claim is prominently displayed, not only on the Salad Kits' front packaging, but also on Dole's website, in Dole's advertisements, and through Dole's social media accounts on Facebook and Vimeo.

4. In marketing its Salad Kits as "All Natural," Dole misled Plaintiff and Class members into believing that the Salad Kids were "All Natural," when, in fact, they are not because the Salad Kits contain synthetic (man made) ingredients. Had Plaintiff and members of the Class known that the Salad Kits are not "All Natural," they would not have purchased them.

///
///

5.     Accordingly, by falsely and deceptively advertising and selling the Salad Kits as "All Natural," Dole has violated California's Consumers Legal Remedies Act ("CLRA"), Unfair Competition Law ("UCL"), False Advertising Law ("FAL"), and unjustly enriched itself to the detriment of both Plaintiff and Class members.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. § 1332 because members of the Class are citizens of states different from that of Defendant and the matter in controversy exceeds the sum or value of $5,000,000. Furthermore, Plaintiff alleges that the total number of members of the proposed Class is greater than 100, pursuant to 28 U.S.C. § 1332(d)(5)(B).

7.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendant does business, including the advertising, marketing, distribution and sale of the Salad Kits in this judicial district.

## THE PARTIES

8.     Plaintiff Laura Hansen is a resident of Los Angeles County, California and a citizen of the State of California. Plaintiff purchased a Light Caesar Salad Kit at a Ralphs grocery store in California during the Class Period. Plaintiff read the "All Natural" representation prominently printed in large font on the front of the Salad Kit's package before purchasing the Salad Kit. Plaintiff relied on Dole's representation that the Salad Kit was "All Natural" in deciding to purchase the Salad Kit. Plaintiff believed that Plaintiff's Salad Kit did not contain synthetic ingredients because Dole falsely represented that the Salad Kit was "All Natural." Plaintiff would not have purchased the Salad Kit had she known that the Salad Kit contains synthetic ingredients.

9.     Defendant Dole Fresh Vegetables, Inc. is a California corporation with its principal place of business at One Dole Drive, Westlake Village, California, 91362. Defendant is a subsidiary of Defendant Dole Food Company, Inc., which, as

one of the world's largest food suppliers, produces over 200 brands of food that are sold in California, the United States, and throughout the world.

## SUBSTANTIVE ALLEGATIONS

**Dole Repeatedly and Uniformly**
**Represents That Its Salad Kits Are "All Natural"**

10. Throughout the Class Period, Dole has sold, and continues to sell, the following ten (10) varieties of Salad Kits in the State of California: (i) Asian Island Crunch Salad Kit; (ii) Caesar Salad Kit; (iii) Endless Summer Salad Kit; (iv) Garlic Caesar Salad Kit; (v) Light Caesar Salad Kit; (vi) Perfect Harvest Salad Kit; (vii) Southwest Salad Kit; (viii) Spinach Cherry Almond Bleu Salad Kit; (ix) Ultimate Caesar Salad Kit; and (x) Value Size Caesar Kit Salad Kit.

11. In an October 28, 2010 press release, Dole stated that it was reimagining its salad blend products with "all-natural kits." This press release started in relevant part, "extensive consumer research efforts related to the re-launch of Dole's complete line of packaged salad blends last year found that fresh lettuce and other vegetables alone were not enough to meet consumers' needs. **Consumers wanted salad toppings and dressings included in the salad kits to be all-natural as well**. In response, the company took its nine salad kits and introduced **All Natural DOLE Salad Kits**." (Emphasis in original and added).

12. Dole prominently and uniformly represents that each and every one of its Salad Kits are "All Natural" on the Salad Kits' packaging, as well as on Dole's website, in Dole's print and online advertisements, and through Dole's social media accounts on Facebook and Vimeo.

13. In particular, Dole represents that the Salad Kits are "All Natural" in large font on the front of each Salad Kit's package. For example, the Light Caesar Salad Kit Plaintiff purchased prominently states in two places on the front of the

4

1  package that the Salad Kit is "All Natural."  On the top left corner of the plastic bag

2  containing Plaintiff's Salad Kit, Dole claims that the Salad Kit is "Now All Natural."

3  A second banner, prominently displayed above wholesome depictions of ingredients,

4  repeats Dole's claim that the Salad Kit is "All Natural."  Figure 1 depicts the front

5  packaging of the Light Caesar Salad Kit.

**Figure 1**



24  14.   Similar to Plaintiff's Salad Kit, each of Dole's other Salad Kits have the

25  same "All Natural" representation prominently displayed on the front of their

26  packaging. Attached as Exhibit 1 hereto are images of the front labels of each of the

27  Salad Kits.

28  15.   The back label of Plaintiff's Salad Kit also reinforces Dole's falsely

1 | uniform claims about its Salad Kits, which states:

2 |     **Dole brings you all-natural, perfectly balanced salads made in a**
3 |     **snap!** . . . . Our all-natural Light Caesar Salad Kit contains Dole's Own
       Light Caesar Dressing & oven-baked garlic croutons in a bed of crisp
4 |     Romaine lettuce.

5 | (Emphasis in original).

6 |     16.    Dole also uniformly promotes the Salad Kits as "All Natural" on its
7 | website, www.dole.com.  For example, the first image a consumer sees on the Salad
8 | Kit Page of Dole's website prominently states, "**Inspire Your Next Meal with All**
9 | **Natural Dole Salad Kits**."  (Emphasis added).  On that same website page, Dole
10 | continues, "Dole Salad Kits combine farm-fresh vegetables with all-natural toppings
11 | and salad dressings including nuts, croutons, cheeses, seasonings, and dressings."
12 | Figure 2 depicts the Salad Kit page of Dole's website.

**Figure 2**



27 |     17.    Dole also promotes the Salad Kits as "All Natural" through social
28 | media outlets.  For example, in a Dole commercial posted on the social media

6

**CLASS ACTION COMPLAINT**

website, Vimeo, a Dole spokesperson informs viewers of a recipe that incorporates a Salad Kit stating that, "Now for the texture, I'm going to add the kit ingredients: dried pineapple, crispy noodles, sliced almonds.  All of these extras are in the bag, and are **all-natural**." (Emphasis added).

18.    Dole's Facebook page also repeatedly reasserts Dole's central marketing message that its Salad Kits are "All Natural."  For example, on November 30, 2011, Dole posted on its Facebook page a "Dole Salad Guide" that describes the Spinach Cherry Almond Bleu Kit as follows: "Our **all-natural** Spinach Cherry Almond Bleu brings together bold tastes and complementary flavors into one uniquely delicious salad." (Emphasis added).

**The Dole Salad Kits Are Not "All Natural"**
**Because The Salad Kits All Contain Synthetic Ingredients**

19.    Although Dole uniformly represents that the Salad Kits are "All Natural" in fact, the Salad Kits are not "All Natural" because each Salad Kit contains one or more of the following synthetic, artificial ingredients:

**Xanthan Gum**.  Xanthan Gum is indigestible, forms a stable gel-like mass when combined with water, and is recognized as a synthetic ingredient by federal regulation.  7 C.F.R. § 205.605(b).  It is used in the Salad Kits as an emulsifier (to improve the appearance of the dressing).

**Sodium Benzoate**. Sodium benzoate is the chemical benzoate of soda (C7H5NaO2), produced by the neutralization of benzoic acid with sodium bicarbonate, sodium carbonate, or sodium hydroxide and is recognized as a synthetic ingredient by federal regulation.  21 C.F.R. § 184.1733(a).  It is used in the Salad Kits as an antimicrobial and/or flavoring agent.

**Phosphoric Acid**.   Phosphoric Acid is synthesized through the reaction of sulfuric acid and tricalcium phosphate and is recognized as a synthetic ingredient by federal regulation.  7 C.F.R. §205.605(b).  It

7

is used in the Salad Kits as an emulsifier and leavening agent (i.e., a chemical additive that lightens and softens foods).

**Ascorbic Acid.** Ascorbic Acid is a synthetic form of vitamin C. Ascorbic Acid is a recognized synthetic by federal regulation. 7 CF.R. § 205.605(b). It is used as a preservative in the Salad Kits.

20. In contrast to Dole's false representations that its Salad Kits are "All Natural," each of the Salad Kits each contain at least one recognized synthetic ingredient as follows, and a few of the Salad Kits contain multiple synthetic ingredients:

    a. **Asian Island Crunch Kit:** Xanthan Gum.

    b. **Caesar Salad Kit:** Xanthan Gum.

    c. **Endless Summer:** Xanthan Gum.

    d. **Garlic Caesar Salad Kit:** Xanthan Gum.

    e. **Light Caesar Salad Kit:** Xanthan Gum, Sodium Benzoate, Phosphoric Acid, and Ascorbic Acid.

    f. **Perfect Harvest Salad Kit:** Xanthan Gum.

    g. **Southwest Salad:** Xanthan Gum, Sodium Benzoate, and Phosphoric Acid.

    h. **Spinach Cherry Almond Bleu:** Xanthan Gum.

    i. **Ultimate Caesar:** Xanthan Gum, Sodium Benzoate, and Ascorbic Acid.

    j. **Value Size Caesar Kit:** Xanthan Gum.

**Dole's Claim that the Salad Kits are "All Natural"**
**Is Material and Likely to Deceive a Reasonable Consumer**

21. The natural foods category is a rapidly expanding product category. In 2008, foods labeled with the word "natural" produced $22.3 billion in sales, a 10% increase from 2007, and a 37% increase from 2004. *"Natural" Beats "Organic" in Food Sales According to Nielsen's Healthy Eating Report*, NIELSEN NEWS, Jan. 21, 2009 *available at*: http://blog.nielsen.com/nielsenwire (last visited January 15, 2013). In 2009, sales rose again by 4.6%.

22.     A representation that a food is "All Natural" is material to a reasonable consumer, a fact of which Dole is well aware.  In an October 28, 2010 press release, Dole admitted that it is aware of the materiality of an "all natural" label on certain of Dole's products and made clear that it is deliberately advertising and marketing the "All Natural DOLE Salad Kits" in response to increased consumer demand for "all natural" products.  This press release started in relevant part, "extensive consumer research efforts related to the re-launch of Dole's complete line of packaged salad blends last year found that fresh lettuce and other vegetables alone were not enough to meet consumers' needs.  **Consumers wanted salad toppings and dressings included in the salad kits to be all-natural as well**.  In response, the company took its nine salad kits and introduced **All Natural DOLE Salad Kits**." (Emphasis in original and added).

23.     By marketing its Salad Kits as "All Natural," Dole seeks to capitalize on consumers' well-documented preference for foods made entirely of natural ingredients.  For example, in a 2009 survey of 1,006 U.S. consumers by advertising firm the Shelton Group, 60% of respondents looked for greener products when shopping, and 56.7% of respondents believed either "100% Natural" or "All Natural Ingredients" is the most desirable eco-friendly label claim.  *Consumers Prefer "100% Natural" Label Over "Organic"*, ENVIRONMENTAL LEADER, July 3, 2009 *available at*:  http://www.environmentalleader.com/2009/07/03/consumers-prefer-100-natural-label-over-organic (last visited January 15, 2013).

24.     The materiality of "All Natural" food claims has also been repeatedly demonstrated by consumer research.  For example, nearly seven in ten consumers surveyed by researcher Mintel said they were "very" or "somewhat" interested in "natural" products.  Bruce Horovitz, *Frito-Lay Turns to Nature's Path*, USA TODAY, Dec. 28, 2010 *available at*: http://usatoday30.usatoday.com/printedition/news/20101228/fritonatural28_start.htm (last visited January 15, 2012).

/ / /

25.    In surveys by Brand Keys consultancy, "natural ingredients" ranks second only to "taste" in influencing consumer purchasing behavior. *Id.*

26.    A reasonable consumer would expect that the Salad Kits, labeled as "All Natural," would not contain synthetic ingredients.  Accordingly, a reasonable consumer is likely to be deceived into believing that the Salad Kits are "All Natural" and do not contain synthetic ingredients by Dole's repeated false representation that the Salad Kits are "All Natural."

**Dole's "All Natural" Misrepresentations and**
**False Advertising Have Damaged Plaintiff and the Other Class Members**

27.    Plaintiff purchased her Salad Kit because she believed Dole's representation that the Salad Kit was "All Natural."  Plaintiff would not have purchased the Salad Kit if she had known that the Salad Kit was not "All Natural" because it contained synthetic ingredients.

28.    Accordingly, Dole's false and deceptive representations caused Plaintiff and the other Class members to suffer damages.

## CLASS ACTION ALLEGATIONS

29.    Pursuant to Fed. R. Civ. Proc. 23, Plaintiff brings this action both individually and as a nationwide class action against Dole on behalf of herself and all those who purchased a Salad Kit at any time from January 1, 2009 through the present.

30.    Excluded from the Class are Defendant, its parent, subsidiaries and affiliates, Defendant's executives, board members, legal counsel, all judges and court personnel assigned to this action, and their immediate family members.

31.    Members of the Class are so numerous that joinder of all members is impracticable.  While the precise number of Class members has not yet been determined, Plaintiff is informed and believes that hundreds of thousands or millions

of consumers are Class members.

32.     Questions of law and fact are common to all Class members, which predominate over any questions affecting only individual members, and a class action will generate common answers to those questions, which are apt to drive the resolution of the litigation.  The following are a number of this action's common questions:

        a.  Whether the Salad Kits were labeled "All Natural;"

        b.  Whether the Salad Kits contain ingredients that are synthetic;

        c.  Whether Dole falsely or misleadingly represented and advertised the Salad Kits as being "All Natural;"

        d.  Whether Dole violated California Civil Code §§ 1750, *et seq.*

        e.  Whether Dole violated California Business & Professions Code §§ 17200, *et seq.* and §§ 17500, *et seq.*; and

        f.  Whether as a result of Dole's misconduct, Plaintiff and other Class members are entitled to damages, restitution, equitable relief, injunctive relief, or other relief, and the amount and nature of such relief.

33.     The claims of Plaintiff are typical of the claims of Class members. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

34.     Plaintiff will fairly and adequately protect the interests of the Class, and Plaintiff has retained attorneys experienced in complex class action litigation.

35.     A class action is superior to all other available methods for this controversy because:

        i.  the prosecution of separate actions by the Class members would create a risk of adjudications with respect to individual Class members that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede their ability to protect their

11

1  interests;

2   ii. the prosecution of separate actions by Class members would

3       create a risk of inconsistent or varying adjudications with respect

4       to the individual Class members, which would establish

5       incompatible standards of conduct for Defendant;

6  iii. Defendant acted or refused to act on grounds generally applicable

7       to the Class; and

8  iv. questions of law and fact common to the Class predominate over

9       any questions affecting only individual members, and a class

10      action is superior to other available methods for the fair and

11      efficient adjudication of the controversy.  Plaintiff does not

12      anticipate any difficulty in the management of this litigation.

13      36.    The nature of notice to the proposed class is contemplated to be by

14  direct mail upon certification of the class or, if such notice is not practicable, by the

15  best notice practicable under the circumstance including, but not limited to,

16  publication in major newspapers and on the internet.

**FIRST CAUSE OF ACTION**

17  **(By Plaintiff, Individually and on Behalf of All Class members, for Violations**

18  **of the California Consumers Legal Remedies Act,**

19  **CAL. CIV. CODE §§ 1750 *et seq*.)**

20      37.    Plaintiff incorporates and re-alleges all of the foregoing paragraphs.

21      38.    Throughout the Class Period, the California Consumers Legal

22  Remedies Act (the "CLRA") was in effect.   The CLRA prohibits "unfair or

23  deceptive acts or practices."  Plaintiff bases this count on Dole's misrepresentations

24  of material fact.

25      39.    Dole's acts constitute unfair, deceptive and misleading business

26  practices in violation of the CLRA.

27      40.    The Salad Kits are "goods" under Cal. Civ. Code § 1761(a).

28      41.    Plaintiff and Class members are "consumers" under Cal. Civ. Code §

12

1761(d).

42.    The CLRA applies to Dole's conduct because Dole's conduct was intended to result, and did result, in the sale of goods for personal, family, or household use.

43.    The CLRA prohibits (i) representing that goods have characteristics, ingredients, uses, benefits, or quantities that they do not have, (ii) representing that goods or services are of a particular standard or quality, if they are of another, and (iii) advertising goods with intent not to sell them as advertised. Cal. Civ. Code § 1770(a)(5), (7), (9).

44.    Dole affirmatively represented to Plaintiff and Class members that its Salad Kits are "All Natural" when, in fact, the Salad Kits are not "All Natural" because they contain one or more synthetic ingredient(s).

45.    A reasonable consumer is likely to be deceived into believing that the Salad Kits are "All Natural" and do not contain synthetic ingredients because of Dole's representations that the Salad Kits are "All Natural."

46.    Dole's claims that its Salad Kits are "All Natural" is material to consumers. Such claims are the sort of information that is relied upon by consumers in deciding to purchase a particular food and are fundamental to purchasing a food like the Salad Kits.

47.    Plaintiff and Class members relied on Dole's "All Natural" misrepresentations in determining whether to purchase a Salad Kit.

48.    Had Plaintiff and Class members known the Salad Kits were not "All Natural," Plaintiff and Class members would not have purchased the Salad Kits.

49.    As a result of Dole's misrepresentations, Plaintiff and Class members were injured in fact and suffered damages.

50.    In making and disseminating the statements that the Salad Kits are "All Natural," Dole knew or should have known that its statements were untrue or misleading. Dole's misrepresentations were made with the intent that Plaintiff and

1   Class members rely upon them. The aforementioned violations of the California
2   Civil Code by Dole were willful, oppressive, and fraudulent.

3       51.     Accordingly, Plaintiff and Class members seek a permanent injunction
4   requiring Dole to cease making the false and deceptive claims about its Salad Kits,
5   restitution and disgorgement of all money obtained from Plaintiff and Class
6   members collected as a result of Dole's false and deceptive claims, and all other
7   relief this Court deems appropriate.

8
9                              **SECOND CAUSE OF ACTION**
    **(By Plaintiff, Individually and on Behalf of All Class members for Violations of**
10  **the Unfair Competition Law, CAL. BUS. & PROF. CODE §§ 17200 *et seq*.)**

11      52.     Plaintiff incorporates and re-alleges all of the foregoing paragraphs.

12      53.     Dole's practices, as alleged in this Complaint, constitute unlawful,
13  unfair and fraudulent business acts and practices under the UCL, Cal. Bus. & Prof.
14  Code §§ 17200, *et seq*.

15      54.     The UCL prohibits acts of "unfair competition," including any unlawful,
16  unfair, or fraudulent business act or practice.

17      55.     A violation of another law is treated as "unlawful competition" that is
18  independently actionable. A business practice is "unfair" if (i) the utility of
19  Defendant's conduct is substantially outweighed by the gravity of the harm to the
20  alleged victim; (ii) Defendant's practice violates public policy as declared by
21  specific constitutional, statutory, or regulatory provisions or is immoral, unethical,
22  oppressive, unscrupulous, or substantially injurious to consumers; or (iii)
23  Defendant's practice would deceive a reasonable consumer. Defendant's business
24  practice is fraudulent if the practice would deceive a reasonable consumer or
25  members of the public.

26
27      56.     Dole committed unlawful practices because Dole violated the CLRA,
28  the FAL, and the California Food, Drug, & Cosmetic Law (the "Sherman Law"), Cal.

---

Health & Saf. Code, §§ 110660 (prohibiting false and misleading labeling of food), 110765 (prohibiting misbranding of food), and 110100 (incorporating by reference the U.S. Food, Drug, & Cosmetic Act). Such conduct is ongoing and continues to this date.

57.     Dole committed "unfair" and fraudulent business acts and practices by materially misrepresenting the nature of the Salad Kit's ingredients, benefits, quantities, and characteristics to Plaintiff and Class members, which constitutes conduct that was immoral, unethical, oppressive, unscrupulous, or substantially injurious to Plaintiff and Class members. The utility of Dole's acts and practices, if any, is far outweighed by the gravity of the consequences to Plaintiff and Class members.

58.     The misrepresentations Dole made about its Salad Kits are material to consumers. Such claims are the sort of information that is relied upon by consumers in deciding to purchase a particular food and are fundamental to purchasing a food like the Salad Kits.

59.     Reasonable consumers and members of the public were likely to be deceived by the misrepresentation and false marketing of the Salad Kits as "All Natural."

60.     Plaintiff and Class members relied on Dole's "All Natural" misrepresentations in determining whether to purchase a Salad Kit.

61.     Had Plaintiff and Class members known the Salad Kits were not "All Natural," Plaintiff and Class members would not have purchased the Salad Kits.

62.     As a result of Dole's conduct, Plaintiff and Class members were injured in fact and suffered damages.

63.     Dole's misrepresentations were made with the intent that Plaintiff and Class members rely upon them. As a result of its deception, Dole has reaped unjust revenue and profit.

64.     Unless restrained and enjoined, Dole will continue to engage in the

above-described conduct.

65.     Accordingly, Plaintiff and Class members seek (i) a permanent injunction requiring Dole to cease making the unlawful, unfair, and fraudulent claims about its Salad Kits, (ii) restitution of all money obtained from Plaintiff and Class members as a result of Dole's unlawful, unfair and fraudulent claims, and (iii) all other relief this Court deems appropriate.

### THIRD CAUSE OF ACTION
**(By Plaintiff, Individually and on Behalf of All Class members for Violations of the False Advertising Law, CAL. BUS. & PROF. CODE §§ 17500, *et seq.*)**

66.     Plaintiff incorporates and re-alleges all of the foregoing paragraphs.

67.     Cal. Bus. & Prof. Code §17500 makes it unlawful for any corporation or association selling anything "of any nature whatsoever" to intentionally make any statement or omission, including over the Internet, in connection with the marketing or sale of a product which is untrue, misleading or deceptive. Specifically, Cal. Bus. & Prof. Code §17500 prohibits a business from engaging in a scheme with the intent not to sell a product as so advertised.

68.     Dole's practices as alleged in this Complaint constitute deceptive advertising under Cal. Bus. & Prof. Code §17500, because Dole repeatedly and uniformly misrepresented the Salad Kits as "All Natural" throughout the Class Period.

69.     The misrepresentations Dole made about its Salad Kits are material to consumers. Such claims are the sort of information that is relied upon by consumers in deciding to purchase a particular food and are fundamental to purchasing a food like the Salad Kits.

70.     As a result of Dole's deceptive advertising and mislabeling, reasonable consumers, including Plaintiff, were misled or likely to be deceived into believing

that the Salad Kits they purchased were "All Natural," as Dole promised.

71.     Plaintiff and Class members relied on Dole's "All Natural" misrepresentations in determining whether to purchase a Salad Kit.

72.     Had Plaintiff and Class members known the Salad Kits were not "All Natural," Plaintiff and Class members would not have purchased the Salad Kits.

73.     As a result of Dole's conduct, Plaintiff and Class members were injured in fact and suffered damages.

74.     Dole's misrepresentations were made with the intent that Plaintiff and Class members rely upon them.  Dole engaged in the aforementioned deceptive advertising to increase its profits.  As such, Dole's deceptive advertising caused substantial injury to consumers, including Plaintiff and Class members.

75.     Accordingly, Plaintiff and Class members seek (i) a permanent injunction requiring Dole to cease making the false and deceptive claims about its Salad Kits, (ii) restitution and disgorgement of all money obtained from Plaintiff and Class members collected as a result of Dole's false and deceptive claims, and (iii) all other relief this Court deems appropriate.

## FOURTH CAUSE OF ACTION
### (By Plaintiff, Individually and on Behalf of All Class Members for Restitution Based on Unjust Enrichment/Quasi-Contract)

76.     Plaintiff incorporates and re-alleges all of the foregoing paragraphs.

77.     Plaintiff pleads this count in the alternative as a claim in quasi-contract for restitution on a theory of unjust enrichment.

78.     Throughout the Class Period, Dole engaged in a public advertising and marketing campaign representing the Salad Kits as "All Natural" when, in fact, they were not "All Natural" because they contain one or more synthetic, artificial ingredient.

79.     Dole's "All Natural" misrepresentations caused Plaintiff and the other

Class members to pay for the deceptively labeled Salad Kits.

80. Plaintiff and other similarly situated Class members conferred upon Dole benefits including non-gratuitous profits.

81. Dole accepted or retained the benefits conferred by Plaintiff and Class members despite Dole's knowledge of its misrepresentations of material fact.

82. Retaining the benefits conferred upon Dole by Plaintiff and Class members is unjust and inequitable because in exchange for the benefits, Plaintiff and Class members did not receive the "All Natural" food for which they paid.

83. Because Dole's retention of the benefits conferred by Plaintiff and Class members is unjust and inequitable, Dole must pay restitution in an amount established by the Court.

## FIFTH CAUSE OF ACTION
### (By Plaintiff, Individually and on Behalf of All Class Members for Restitution Based on Breach of Implied-in-Law Contract/Quasi-Contract)

84. Plaintiff incorporates and re-alleges all of the foregoing paragraphs.

85. Plaintiff pleads this count in the alternative as a claim in quasi-contract for restitution on a theory of breach of implied-in-law contract.

86. Throughout the Class Period, Dole engaged in a public advertising and marketing campaign representing the Salad Kits as "All Natural" when, in fact, they were not "All Natural" because they contain one or more synthetic, artificial ingredient(s).

87. Dole's "All Natural" misrepresentations caused Plaintiff and the other Class members to pay for the deceptively labeled Salad Kits.

88. Plaintiff and other similarly situated Class members conferred upon Dole benefits including non-gratuitous profits.

89. Dole accepted or retained the benefits conferred by Plaintiff and Class members despite Dole's knowledge of its misrepresentations of material fact.

90.     Retaining the benefits conferred upon Dole by Plaintiff and Class members is unjust and inequitable because in exchange for the benefits, Plaintiff and Class members did not receive the "All Natural" food for which they bargained.

91.     Because Dole's retention of the benefits conferred by Plaintiff and Class members is unjust and inequitable, Dole must pay restitution in an amount established by the Court.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Court:

a.      Certify this action as a class action pursuant to Fed. R. Civ. P. 23, appoint the named Plaintiff as the representative of the respective Class, and appoint the undersigned as Class counsel;

b.      Issue a permanent injunction or other appropriate equitable relief requiring Dole to refrain from marketing and labeling the Salad Kits as "All Natural";

c.      Order Dole to pay Plaintiff and other members of the Class an amount of actual, statutory, and punitive damages and restitution in an amount to be determined at trial, and where allowed by law;

d.      Issue an order granting Plaintiff's reasonable costs and attorneys' fees; and

e.      Grant such other relief as may be just and proper.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

19

**CLASS ACTION COMPLAINT**

## **DEMAND FOR TRIAL BY JURY**

Plaintiff demands a trial by jury on all issues so triable.

Dated: January 29, 2013          **KIESEL + LARSON LLP**

By: _____

Paul R. Kiesel, Esq.
Thomas H. Peters, Esq.
8648 Wilshire Boulevard
Beverly Hills, CA 90211
Telephone: (310) 854-4444
Facsimile: (310) 854-0812

Paul O. Paradis, Esq.
Gina M. Tufaro, Esq.
Mark A. Butler, Esq.
**HORWITZ, HORWITZ &**
**PARADIS, Attorneys at Law**
570 7th Avenue, 20th Floor
New York, NY 10018
Telephone: (212) 986-4500
Facsimile: (212) 986-4501

*Attorneys for Plaintiff*

**CLASS ACTION COMPLAINT**

# EXHIBIT 1

